UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ANTHONY BOTEILHO<br><br>Plaintiff,<br><br>v.<br><br>CHRISTINE GREGOIRE, *et al*.,<br><br>Defendants. | Case No. C09-5407BHS/JRC<br><br>REPORT AND RECOMMENDATION TO TRANSFER THIS ACTION TO THE UNITED STATES DISTRICT COURT FOR ARIZONA AT TUCSON<br><br>**NOTED FOR**: July 2, 2009 |

This Civil Rights Action filed pursuant to 42 U.S.C. § 1983 has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4.

Before the court are a number of motions. Defendants ask that this action either be dismissed or transferred to Arizona (Dkt. # 25). Plaintiff asks that the proceedings be stayed pending a decision by the Washington State Supreme Court regarding his underlying conviction (Dkt # 42). Finally, defendants ask for a one-day extension to reply regarding the motion to dismiss or transfer (Dkt. # 49).

REPORT AND RECOMMENDATION- 1

Defendant's motion for a one-day extension of time to file a reply is GRANTED. Plaintiff's motion to stay this action is DENIED as plaintiff's underlying conviction is not relevant to these proceedings. The motion to dismiss or transfer the case is a dispositive motion requiring the following Report and Recommendation.

## FACTS

Plaintiff was convicted of a crime in a Washington State Superior Court. On March 3, 2006, he was transferred from the Airway Heights Correctional Center in Eastern Washington to a private prison in Eloy Arizona -- the Eloy Detention Center. After transfer to another private prison in Eloy -- Red Rock Corrections Center -- he was attacked by inmates.

Plaintiff alleges that he was severely injured in the attack and that he did not receive adequate medical health care at either Arizona facility. He also claims that when he was returned to Washington he received inadequate care at the Airway Heights Corrections Center (Dkt. # 10, amended complaint).

He also claims that his placement in the Florence Corrections Center was retaliatory, improper, and violated his right to practice religion and right of access to courts. He names several Washington defendants, as well as the persons in charge of the private facilities in Arizona. He brings the action pursuant to 42 U.S.C. 1983, but also raises Arizona and Washington tort claims.

The plaintiff is now housed in Western Washington at the Monroe Complex- Twin Rivers Corrections Center.

After careful review of the record and the allegations in the amended complaint, this court concludes that the nexus for this action is the Red Rock Correctional Center in Eloy Arizona, where plaintiff was allegedly attacked, and the Florence Correctional Center in Eloy

REPORT AND RECOMMENDATION- 2

Arizona, where he was placed in segregation and received medical treatment. Eloy Arizona is in Pinal County. The United States District Court for Arizona at Tucson would be the most likely location to hear a case arising out of that county.

## DISCUSSION

A.  *Motion to dismiss.*

Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) provides that a court should dismiss a claim under Fed. R. Civ. P. 12(b)(6) either because of the lack of a cognizable legal theory or because of the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Department, 901 F.2d 696, 699 (9th Cir. 1990).

For purposes of ruling on this motion, material allegations in the complaint are taken as admitted and the complaint is construed in the plaintiff's favor. Keniston v. Roberts, 717 F.2d 1295 (9th Cir. 1983). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1964-65 (2007)(internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 1965. Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." Id. at 1974.

As a motion to dismiss, the pleading filed by defendants is inadequate. Defendants make conclusory statements about enjoying immunity, but the defendants do not clearly raise that affirmative defense by informing the court what type of immunity the defendants claim applies.

REPORT AND RECOMMENDATION- 3

Defendants make, in a conclusory fashion, the argument that plaintiff fails to allege any facts stating a claim against Washington defendants. Defendants state:

> While Plaintiff's claims are not entirely clear, it is evident that none of the events giving rise to his claims occurred in Washington. Further, although Plaintiff names Washington Defendants, including the Governor and various Washington Department of Corrections Officials, the remaining Defendants are non-residents. More importantly, Plaintiff fails to allege any facts stating a claim against the Washington Defendants – most of whom, enjoy immunity. Indeed, Plaintiff complains of an incident that purportedly occurred in Arizona over four years ago. Nowhere in his complaint does he allege that the Washington Defendants were personally involved in the purported deprivations Plaintiff is complaining about in this § 1983 action. Accordingly, venue is not appropriate in this district. 28 U.S.C. § 1391(b).

(Dkt. # 25, page 3-4).

Plaintiff alleges there was a contract between the State of Washington and the corporation running private prisons in Arizona, and that Governor Gregoire was in charge of appointing and monitoring the persons who entered into that contract. He sues other officials for their acts or omissions in inmate medical care, inmate classification, inmate movement including out-of-state contract placement. He also names Washington Department of Corrections employees who were allegedly on site in Arizona monitoring compliance with the contracts (Dkt. # 10, page 4).

Plaintiff makes clear in his opposition to the motion to dismiss or transfer that the contract is part of this action (Dkt. # 44). Plaintiff also raises a claim about the medical care he received when he returned to Washington. That medical care was given while he was housed at the Airway Heights Corrections Center in Spokane. The court cannot say plaintiff has failed to state a claim and concludes that dismissal at this stage, based on this motion, would be improper. The motion to dismiss should be DENIED.

REPORT AND RECOMMENDATION- 4

B.   *Transfer.*

A District Court is authorized under 28 U.S.C. § 1404(a) to transfer an action "for the convenience of the parties and witnesses, in the interest of justice." The court considers three factors. The factors are: (1) convenience of the parties; (2) convenience of the witnesses; and (3) the interest of justice. Grubs v. Consolidated Freightways, Inc., 189 F. Supp. 404 (D.C. Mont.). The burden of proving that a transfer is proper is on the moving party.

All defendants move for transfer and argue:

> Because all of the alleged injuries occurred in Arizona, the witnesses reside in Arizona, and Arizona law will apply to any of Plaintiff's state law tort claims, venue is not appropriate in this Court and this case should be dismissed. Alternatively, this action should be transferred to Arizona for both legal and convenience purposes.

(Dkt. # 25, pages 2-3).

The court gives weight to plaintiff's choice in filing the action in the Western District of Washington and notes that several of the Washington defendants are government employees who work in Thurston County. However, the alleged assault that gives rise to the majority of the claims in this action occurred in Arizona. Evidence, such as medical records and witnesses to the assault and conditions in the private prisons, are in Arizona. Although plaintiff maintains 150 inmates have been returned from Arizona to Washington, he does not provide any details about these inmates being witnesses (Dkt. # 44).

The decision to place plaintiff in segregation was made while he was housed in the Florence Corrections Center in Arizona. In fact, the only claims that allegedly occurred in Washington occurred at the Airway Heights Corrections Center in Spokane, which is outside the Western District of Washington and located in the Eastern District of Washington. Therefore,

REPORT AND RECOMMENDATION- 5

witnesses are not most likely to be found in the Western District, but rather indicate that the District of Arizona is the proper place for the majority of this action.

Both the convenience to the parties and witnesses and the interest of justice militate toward transfer of this action. The proper venue for this action is the United States District Court in Tucson, Arizona. The address for that court is 405 West Congress Street, Tucson, Arizona, 85701-5098. Defendant's motion to transfer the action should be GRANTED.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on July 2, 2010, as noted in the caption.

Dated this 8th day of June, 2010.

J. Richard Creatura
United States Magistrate Judge

REPORT AND RECOMMENDATION- 6